# Exhibit A

# PROMISSORY NOTE

$150,000.00

November 21, 2005
Ellicottville, New York

1. Promise to Pay. FOR VALUE RECEIVED, the undersigned, Robert C. Logel, ("Maker"), hereby promises to pay to the order of John E. Thompson, (the "Holder"), on or before December 15, 2005, (the "Maturity Date"), One Hundred and Fifty Thousand ($150,000), as agreed below and all fees and costs (including without limitation attorneys' fees and disbursements whether for internal or outside counsel) the Holder incurs in order to collect any amount due under this Note, to negotiate or document a workout or restructuring, or to preserve its rights or realize upon any guaranty or other security for the payment of this Note (including, without limitation, the actual fees and disbursements of legal counsel) ("Expenses").

2. Interest. The outstanding principal amount of this Note shall earn interest calculated on the basis of a 360-day year for the actual number of days of each year (365 or 366, as applicable) from and including the date the proceeds of this Note were disbursed to, but not including, the date all amounts hereunder are paid in full at a rate equal to 5 percent (5%) *per annum*.

3. Payment of Principal and Interest. The Maker shall pay the outstanding and unpaid principal amount of this Note, all accrued and unpaid interest thereon, and all Expenses payable hereunder to the Holder on the Maturity Date. Payments and prepayments of principal and payments of interest on this Note shall be made to the Holder at 418 Love Lane East, Greenwich, RI 02818 or such other place or places within the United States as may be specified by the Holder in a written notice to the Maker at least ten (10) days before a given payment date. If the principal amount of this Note, interest thereon, or any Expenses shall not be paid when due (whether at stated maturity, upon notice to prepay, upon acceleration or otherwise) the overdue principal and, to the extent permitted by law, any overdue interest and Expenses shall bear interest at a rate *per annum* of four percent (4%) above the rate *per annum* otherwise payable thereon, which interest shall accrue from the date of such default in payment until the date on which payment of such overdue principal, interest or Expenses has been made If any payment on this Note becomes due and payable on a Saturday, Sunday or other day on which commercial banks in Providence, RI are authorized or required by law to close, the maturity thereof shall be extended to the next succeeding business day.

4. Prepayment. The Maker shall have the right at any time and from time to time to prepay this Note in whole or in part without penalty or premium. Any partial prepayment of principal shall be in an amount equal to Two Thousand Five Hundred Dollars ($2,500), or if greater, shall be in an additional amount in increments of Five Hundred Dollars ($500).

5. Events of Default. The occurrence of any one or more of the following events shall constitute an "Event of Default" hereunder:

(a) The Maker shall fail to pay the entire outstanding principal balance of this Note together with all accrued and unpaid interest due thereon and any Expenses on or before the Maturity Date;

(b) The Maker shall default in the performance of any obligation, term, covenant or condition contained in this Note (other than as set forth in Sections 5(a) above) and shall fail to cure such default within fifteen (15) days following receipt of written notice of such default from Maker;

(c) The Maker shall become insolvent or bankrupt or file a voluntary petition under any provision of any bankruptcy laws; or bankruptcy proceedings in any form shall be instituted against the Maker and shall be consented to or permitted to remain undismissed for sixty (60) days;

Upon the occurrence of any Event of Default specified in Sections, 5(a) or 5(c), the entire principal balance of this Note, all accrued and unpaid interest thereon and all unpaid Expenses shall immediately become due and payable without further action by the Holder. Upon the occurrence and during the continuance of any Event of Default specified in Section 5(b), the Holder may declare the entire principal balance of this Note, all accrued and unpaid interest thereon and all unpaid Expenses to be due and payable forthwith whereupon the same shall immediately become due and payable.

6. Waiver. The Maker hereby waives diligence, presentment, demand, protest and notice of dishonor and any notice of any type with respect to any one or more of such actions. No omission or delay by the Holder in exercising any right hereunder shall be construed to be a waiver of or acquiescence in any default, and no waiver by the Holder of any breach or default shall be deemed to be a waiver of any subsequent breach or default.

7. Currency. Any reference in this Note to "Dollars" or "$" shall mean United States dollars.

8. Security. This Note is secured by an Assignment of Commissions from Kellen Domnall Group

9. Miscellaneous.

(a) It is the intent of the Holder and the Maker that in no event shall the interest rate charged hereunder be payable at a rate in excess of the maximum rate permitted by applicable law. Solely to the extent necessary to prevent interest under this Note from exceeding the maximum legal rate, any amount that would be treated as excessive under a final judicial interpretation of applicable law shall be deemed to have been a mistake and automatically cancelled and if received by the Holder, shall be returned to the Maker.

(b) Upon receipt of evidence reasonably satisfactory to the Maker of the loss, theft, destruction or mutilation of this Note and of a letter of indemnity reasonably satisfactory to the Maker, and upon reimbursement to the Maker of all reasonable expenses incident thereto, and upon surrender or cancellation of this Note, if mutilated, the Maker will make and deliver a new note of like tenor in lieu of such lost, stolen, destroyed or mutilated Note.

(c) This Note and the rights and obligations of the Maker and each Holder hereunder shall be construed in accordance with and be governed by the internal laws of the State of Rhode Island without regard to its conflicts of law doctrine. In any action or other legal proceeding relating to this Note, the Borrower consents to the personal jurisdiction of any state or Federal court located in the State of Rhode Island.

(d) All notices, requests, demands and other communications required or permitted to be given under this Note shall be in writing and shall be deemed to have been duly given if (i) delivered personally, (ii) mailed, certified or registered mail (return receipt requested) with postage prepaid or (iii) sent by next day or overnight mail or nationally recognized courier, addressed to the parties hereto as follows:

If to the Maker:
Robert C. Logel
6542 Plum Creek Rd.
Ellicottville, N.Y. 14731

If to Holder:
John Thompson
418 Love Lane
East Greenwich, RI 02818

Such addresses may be changed, from time to time, by means of a notice given in the manner provided in this Section.

All such notices, requests, demands and other communications shall be deemed to have been received (x) if delivered personally, on the day delivered, (y) if mailed registered or certified mail (return receipt requested), on the next business day following the day on which the written receipt of such mail is signed and (z) if sent by next day or overnight mail or courier, on the day delivered.

IN WITNESS WHEREOF, the Maker has executed this Note as of the day and year first above written.

By: [signature]
Name: Robert C. Logel

Witness: [signature]

Print Name: Robert C. Logel
Address: 6542 Plum Creek Rd
Ellicottville NY 14731